UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP BELPASSO, YAN YAN WU, Johan Doe 1 Johan Doe 2, <br><br> Plaintiffs, <br><br> v. <br><br> FIRE MARSHAL JAY BENDER AND THE BOROUGH OF FAIR LAWN, <br><br> Defendants. | Civ. Action No. 08-3362 (KSH) <br><br><br><br> **ORDER** |

**Katharine S. Hayden, U.S.D.J.**

*Pro se* plaintiff Philip Belpasso filed an emergent application seeking issuance of a preliminary injunction and an order to show cause. Plaintiff's submissions allege that the defendants' enforcement of local fire code regulations violates several of the rights secured to him by the United States Constitution. After duly considering his submission and supporting documents, the Court concludes that the plaintiff fails to make a showing that supports his request for emergent relief.

To obtain a preliminary injunction, plaintiff must demonstrate irreparable harm. Pappan Enterprises, Inc. v. Hardee's Food Systems, Inc., 143 F.3d 800, 803 (3d Cir. 1998). Moreover, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (U.S. 1997) (emphasis in original; internal citations and quotation marks omitted). Plaintiff has failed to meet this burden.

1

He has not established by a clear showing that he is in danger of losing the property located at 40-09 Kuiken Terrace, Fair Lawn, New Jersey 07410 or that the fines levied against him by the Borough of Fair Lawn are unassailable. Thus, he has not satisfied the irreparable harm requirement. A preliminary injunction may only issue where a plaintiff establishes irreparable harm by a clear showing, and the plaintiff has not carried that burden here.

Good cause appearing,

**IT IS** on this 9th day of July, 2008

**ORDERED** that the motion for a preliminary injunction is **denied**; and it is further

**ORDERED** that the Clerk shall file the Complaint; and it is further

**ORDERED** that plaintiff shall serve copies of this Order and his submissions in support of his application for injunctive relief upon defendants no later than July 11, 2008; and it is further

**ORDERED** that plaintiff file with the Court proof of service of this Order and his submissions in support of his application for injunctive relief.

Katharine S. Hayden, U.S.D.J.